UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF NORTHERN CALIFORNIA FLOOR COVERING, et al.,<br><br>         Plaintiff(s),<br><br>    v.<br><br>JOE WANG, individually and doing business as J W Carpet & Flooring,<br><br>         Defendant(s). | No. C05-1776 BZ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES** |

Before me is plaintiffs' motion for entry of default judgment against defendant Joe Wang, individually and doing business as J W Carpet & Flooring.[1]  All parties have consented to my jurisdiction for all purposes pursuant to 28 U.S.C. § 636(c).

On April 28, 2005, plaintiffs filed a complaint under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), and § 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132.  The

---

[1]     Mr. Wang was erroneously sued as Joe Wong.

1

complaint alleges that defendant violated a collective bargaining agreement and certain trust agreements with Northern California Floor Covering Industry Welfare Fund ("Trust Fund"). Compl. ¶ 1.  Specifically, the complaint alleges that defendant was bound by a collective bargaining agreement with Carpet, Linoleum & Soft Tile Workers, Local 12, that required defendant to make contributions to the Trust Fund on behalf of defendant's employees.  Compl. ¶ 5.  Plaintiffs allege that defendant is delinquent in its obligations to the Trust Fund, and seek to recover employee benefit contributions, liquidated damages and interest for the months of January through October 2005, totaling $14,095.75, and attorneys' fees and costs in the amount of $1,065.00.  Although plaintiffs do not seek to audit the books and records of defendant at this time, they seek to reserve the right to audit in the future.

Plaintiffs effected service of process on May 24, 2005. Defendant failed to answer the complaint or otherwise defend the action until he appeared at the April 5th hearing to contest some of the claimed damages.  On October 21, 2005, upon plaintiffs' request, the Clerk of this court entered defendant's default under Rule 55(a).  By its default, defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages.  See Fed. R. Civ. P. 8(d).

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 App. U.S.C. § 521.  Plaintiffs' counsel has declared under penalty of

perjury that he has personal knowledge that Mr. Wang is not an infant, incompetent person, or a person in military service. Carroll Supp. Decl.

Pursuant to Rule 55(b)(2), the court may enter a default judgment against a party against whom default has been entered.  The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the court.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  A formal hearing is not required for a court to render a default judgment.  <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan -
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of –
>     (I) interest on the unpaid contributions, or
>     (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent. . . of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs.

29 U.S.C. § 1132(g)(2).  An award under section 1132(g)(2) is mandatory if:  (1) the employer is delinquent at the time the action is filed; (2) the district court has entered a judgment against the employer; and (3) the plan provides for such an award.  <u>Northwest Adm'rs, Inc. v. Albertson's, Inc.</u>, 104 F.3d 253, 257 (9th Cir. 1996)(citing <u>Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc.</u>, 875 F.2d 212, 215 (9th Cir. 1989)).  A mandatory award is available under section 1132(g)(2) "notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent

3

1  contributions." Northwest Adm'rs, Inc., 104 F.3d at 258
2  (quoting Carpenters Amended and Restated Health Benefit Fund v.
3  John W. Ryan Constr. Co., Inc., 767 F.2d 1170, 1175 (5th Cir.
4  1985)); see also Iron Workers Dist. Council v. Hudson Steel
5  Fabricators & Erectors, Inc., 68 F.3d 1502, 1507 (2nd Cir.
6  1995); Bd. of Trs. of the Sheet Metal Workers v. Gen.
7  Facilities, Inc., 2003 WL 1790837, at *2 (N.D. Cal. March 31,
8  2003)(citing Carpenters & Joiners Welfare Fund v. Gittleman
9  Corp., 857 F.2d 476, 478 (8th Cir. 1988)).  "[A] plaintiff may
10 receive judgment for contributions which became due after the
11 lawsuit was filed and remain unpaid at the time of judgment."
12 Bd. of Trs. of the Sheet Metal Workers, 2003 WL 1790837, at *2.
13 Plaintiffs have satisfied the statutory requirements and are
14 entitled to an award under section 1132(g).  See Iron Workers
15 Dist. Council, 68 F.3d at 1507.
16     Plaintiffs have the burden of proving damages through
17 testimony or written affidavit.  To prove damages, plaintiffs
18 have submitted a declaration from Rose Cortez, the Supervisor
19 Representative of the administrators for the Trust Fund, and
20 custodian of the books and records for the Trust Fund.  See
21 Cortez Decl. ¶ 1.
22     The Cortez Declaration establishes that defendant failed
23 to make contributions for the months of January through October
24 2005 to the Trust Fund, as required in the Northern California
25 Floor Covering Master Agreement and the Agreement and
26 Declaration of Trust.  Since the filing of the complaint,
27 defendant has paid most of the delinquent amounts, but unpaid
28 contributions for the month of October 2005 remain in the

4

amount of $2,467.48.  Cortez Decl., Exhs. 3 and 4; Cortez Supp. Decl., Exh. 8 .  **IT IS ORDERED** that plaintiffs recover this amount from defendant.

Plaintiffs additionally sought $7,913.35 in liquidated damages because the contributions for the months of January through October 2005 were not received in a timely manner. Section 1132(g)(2)(C)(ii) provides that plaintiffs may recover "liquidated damages provided for under the plan in an amount not in excess of 20 percent."  See 29 U.S.C. § 1132(g)(2)(C). Section II of the procedures adopted by the Board of Trustees of the Trust Fund provides for liquidated damages at 20% once the matter has been referred to legal counsel.  See Cortez Decl., Exh. 3.  Plaintiffs have demonstrated that they are entitled to liquidated damages on the unpaid or the delinquent contributions for the months of January through October 2005. See Cortez Decl., Exh. 4.  At the hearing, defendant contested some of the damages, and plaintiffs agreed to withdraw their claim for liquidated damages for the contributions paid on May 2, 2005 (January, February, and March), making the new total $4,835.72.  As the amount plaintiffs seek is permitted by contract and statute, **IT IS ORDERED** that plaintiffs recover $4,835.72 in liquidated damages from defendant.

Plaintiffs also request $307.87 in interest on the contributions for the time they were delinquent and on the unpaid contributions through January 17, 2006.  Under section 1132(g)(2)(B), the Trust Fund may recover interest on unpaid contributions.  See 29 U.S.C. § 1132(g)(2)(B).  Interest is calculated based on the rate provided for under the plan, or,

5

if no rate is specified, the rate prescribed under section 6621 of Title 26.  See 29 U.S.C. § 1132(g)(2).  Because the plan does not specify a rate, plaintiffs ask for interest on the delinquent or unpaid contributions at 5%, the rate prescribed under section 6621 of Title 26.  The interest rate of 5% is the sum of 3% and 2.7%, the lowest rate charged by the Internal Revenue Service for the months of January through October 2005.  Plaintiffs have established they are entitled to $307.87 in interest.  Cortez Decl. ¶ 8.  After the hearing, in view of the decrease in liquidated damages, plaintiffs submitted a reduced requested interest amount of $204.82.  Plaintiffs' motion to recover this amount from defendant is **GRANTED**.

　　　Plaintiffs further request that the court enter a judgment reserving their rights to audit defendant for any periods not previously audited, including for the same time period covered in this default judgment, and to collect by subsequent legal action any sum found to be due after an audit.  For the reasons cited in this court's Report and Recommendation, in Board of Trustees of the Bay Area Roofers Health v. Ace Roofing Company, 2005 WL 3497820, at *4-5 (N.D. Cal. June 16, 2005), plaintiffs' request for entry of such a judgment is **DENIED**.

　　　Plaintiffs also seek $740.00 in attorneys' fees and $325.00 in costs.  Reasonable attorneys' fees and costs of the action may be awarded if the Trust Fund receives a judgment in its favor.  See 29 U.S.C. 1132(g)(2)(D).  Plaintiffs' counsel calculates that through February 7, 2006, he spent in excess of 4 hours prosecuting this action at a rate of $185.00 per hour.  Carroll Decl. ¶ 5.  His time primarily consisted of preparing

6

the Ex Parte Application to Continue Case Management Conference, the Case Management Statement, the Request that Case Management Conference Go Off Calendar, the Motion for Entry of Default with Supporting Declaration and Plaintiffs' Motion for Default Judgment and Attorneys' Fees.  <u>Id.</u>  This time was reasonable and necessary to obtain a default judgment in plaintiffs' favor, and is therefore recoverable.  <u>See</u> 29 U.S.C. 1132(g)(2)(D).  The rate charged is reasonable in relation to the work performed.  <u>See</u> <u>id.</u>  Plaintiffs also incurred $325.00 in costs, consisting of filing fees and costs associated with service of process.  <u>See</u> Carroll Decl. ¶ 2.  Plaintiffs' request for $740.00 in attorneys' fees and $325.00 in costs is reasonable and is **HEREBY GRANTED**.

    For the foregoing reasons, **IT IS ORDERED** that judgment be entered in plaintiffs' favor against defendant for a total award of $8,573.02.  This amount includes: $2,467.48 in unpaid contributions, $204.82 in interest on unpaid or delinquent contributions, $4,835.72 in liquidated damages, $740.00 in attorneys' fees and $325.00 in costs.

Dated: April 25, 2006

                                      _____
                                      Bernard Zimmerman
                              United States Magistrate Judge

G:\BZALL\-BZCASES\WONG\DEFJUD.ORD.consent.wpd